UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Petitioner,<br><br>vs.<br><br>M.D. BITER, Warden,<br><br>Respondent. | Civil No.    11cv1003 JLS (PCL)<br><br>**REPORT AND RECOMMENDATION RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 9.)** |

## I. INTRODUCTION

Petitioner Lawrence Christopher Smith, a prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in San Diego County Superior Court consolidated case numbers SCD187273 and SCD186914 for murder and attempted murder. Smith was found guilty after a jury trial and sentenced to a prison term of 84 years to life. [Id.] Respondent moves to dismiss because Smith's claims are untimely. (Doc. 9-1, at 1-2.)

This case is before the undersigned Magistrate Judge pursuant to S.D. Cal. Civ. R. 72.1(d)(4) for Proposed Findings of Fact and Recommendation for Disposition. For the reasons set forth below, the Court respectfully recommends that the Petition be **DENIED**.

## II. PROCEDURAL BACKGROUND

On March 6, 2006, the San Diego County district attorney filed a three-count information against Smith and his co-defendant Jimmy Lopez. (Lodgement 1, at 1.) Both defendants were charged with a November 26, 2004 murder with the additional allegations that each defendant committed the crime for

the benefit of a street gang, personal use of a firearm, and infliction of great bodily injury. (Lodgment 1, at 1.) Smith was also charged with a September 12, 2004 attempted murder, and with possession of marijuana for sale on November 29, 2004. (Id.) On March 30, 2006, a jury found Smith guilty as charged and on May 25, 2006, Smith was sentenced to an indeterminate term of 75 years to life and a determinate term of seven years, eight months. (Id. at 2.) The California Court of Appeal affirmed Smith's conviction on June 10, 2008. (Lodgment 4.) On June 20, 2008, Smith filed a petition for review in the California Supreme Court. (Lodgment 5.) The court denied that petition on September 10, 2008. (Lodgment 6.)

On May 7, 2009, Smith, proceeding pro se, filed a habeas petition in the Superior Court of California, (lodgment 7) which was denied on July 8, 2009, (lodgment 8). Smith then filed a second petition in superior court, which was denied on February 9, 2010. (Lodgment 8.) Smith next filed a habeas petition in the California Court of Appeal signed on March 3, 2011. (Lodgment 9.) The Court of Appeal denied that petition on April 27, 2010. (Lodgment 10.) On May 16, 2010, Smith filed a habeas petition in the California Supreme Court, (lodgment 11), which was denied on February 2, 2011, (lodgment 12).

## III.   DISCUSSION

Respondent moved to dismiss Smith's Petition on the ground that it is untimely. (Doc. 9.) Smith counters in his Opposition that his petition is timely because he is entitled to a later start date for the commencement of the limitations period, and because he is entitled to statutory and equitable tolling of the limitations period. (Doc. 21.) This Court agrees with Respondent, and for the following reasons recommends that Smith's petition be dismissed with prejudice.

Smith did not file a petition for writ of certiorari, therefore the judgment of his conviction became final on December 9, 2008, 90 days after the Supreme Court of California denied his petition for review. (Lodgment 6.)  AEDPA's one-year limitations period began to run on the following day, making December 10, 2009, the last day Smith could have filed a petition in federal court unless he is entitled to sufficient tolling of the statute or to a later start date for the limitations period. Smith signed the

currently pending habeas petition on April 25, 2011.[1]

In ground one, Smith contends that he received ineffective assistance of counsel during trial when his appointed attorney failed to move for a mistrial after his co-defendant's counsel suborned perjury; failed to effectively impeach certain prosecution witnesses and object to certain testimony; and failed to move to suppress eyewitness identifications as the products of unduly suggestive procedures. (Doc. 1, at 6.) In ground two, Smith alleges that he received ineffective assistance of appellate counsel because his lawyer failed to present all viable claims that Smith brought to his attention, including ineffective assistance of trial counsel and denial of the right to a speedy trial. (Doc. 1, at 25.) In ground three, Smith alleges that the trial court erred by consolidating the charge of murder and the unrelated charge of attempted murder into one trial. (Doc. 1, at 27.) In ground four, Smith contends that "numerous cumulative errors" by his trial counsel resulted in violation of his Due Process rights. (Doc. 1, at 39.) In ground five, Smith alleges that his Due Process rights were violated when documents not admitted into evidence were accidentally given to the jury. (Doc. 1, at 32.)

**A.  Standard of Review**

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320 (1997). Under AEDPA, a one year statute of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C.A. § 2244(d)(1) (West 1996). The limitation period runs from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Id.

---

[1] Pursuant to the mailbox rule, a pro se petitioner's pleading is deemed filed at the moment of delivery to prison officials, therefore, for the purposes of this Report and Recommendation, Smith's petitions will be considered constructively filed on the date they were signed. Houston v. Lack, 487 U.S. 266, 270-71 (1988); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

### B. Smith is Not Entitled to Sufficient Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a post-conviction petition remains pending in state court, so long as the petition is "properly filed." A properly filed application in one in which the delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000). A petition is "pending" in state court from the time it is filed until it has achieved final resolution through the state's postconviction procedures. Carey v. Saffold, 536 U.S. 214, 220 (2002). Smith first filed a petition for writ of habeas corpus in the Superior Court of California, which he signed on May 7, 2009. (Lodgment 7.) 148 days of the limitations period elapsed between the date his conviction became final on December 9, 2008, and the date he signed his first petition.

The next document in the record of state court proceedings is an Order Denying Petition for Writ of Habeas Corpus filed on February 9, 2010. (Lodgement 8.) That order pertains to a second petition for habeas review in the superior court, which Smith contends he filed on December 23, 2009. The following is taken verbatim from the superior court's order denying Smith's second petition:

> On July 8, 2009, the Court denied Petitioner's initial habeas corpus petition for the reasons clearly set forth in a six-page Order. Petitioner has now filed what appears upon close review to be almost a word-for-word repeat of that Petition as if the Court had never spent the time to prepare that original denial. Petitioner provides proof that he received that July 8, 2009, Order because he has filed a copy of it as an exhibit to the present petition.
>
> Petitioner apparently has chosen to ignore everything that was stated in that July 8, 2009, Order or simply believes that nothing stated therein applies to him so that he can simply try again. For Petitioner and anyone else who reads this Order, the following paragraph taken verbatim from page six of the July 8, 2009, Order is set forth here again so that there can be no doubt that this Court will not revisit issues that have already been resolved against Petitioner: 'By denying this Petition, the Court is not inviting the Petitioner to enter into a dialogue as to why further action should be taken or why any or all of the Court's decisions are incorrect. The law is clear that 'because no appeal lies from the denial of a petition for writ of habeas corpus, a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal.' (In re Trombley (1948) 31Cal.2d 801, 804, fn. 1.).' In re Clark (1993) 5 Cal.4th 750, 767 fn.7. Moreover, 'In this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgement against him.' Clark, supra at 768.'

(Lodgment 8.)

Smith contends that the limitations period should be tolled from December 23, 2009, when he

filed his second petition in the superior court and February 9, 2010, when the court denied that petition. (Doc. 21, at 5.) Using a mathematical formula with which this Court is unfamiliar, Smith states that the pendency of his second petition entitles him to "47 additional days of statutory tolling reducing the declared days of limitations from 476 days to 281 days making this instant petition . . . timely." (Id.) Despite the unusual math involved, and ignoring the fact that this second petition was filed 13 days after the limitations period expired, Smith managed to correctly calculate the days between the filing of his second petition and the court's dismissal of that petition. However, rather than tolling the limitations period, those 47 days actually counted against it because Smith had no petition "properly filed." In re Clark, makes clear that successive petitions are an abuse of the writ and not "pending" for the purposes of tolling AEDPA's limitations period; and defines successive petitions as "delayed." 5 Cal. 4th, at 769-70 (citing Cal. Penal Code § 1475). 195 days of the limitations period ran during the time prior to Smith's first petition and while his successive petition was pending.

      Smith is also not entitled to tolling from July 8, 2009 to December 23, 2009, the period between his successive petitions. The Supreme Court has stated that unexplained delays of more than 30-60 days between denial of a petitioner's habeas petition and the time a petitioner files for review in a higher state court are unreasonable under California's collateral review scheme such that the petitioner would not be entitled to tolling during the "gap" between the lower court's decision and filing in the next court. Evans v. Chavis, 546 U.S. 189, 197-202 (2006) The Court went on, explaining that a delay of 6 months would certainly be unreasonable. Id. The holding in Evans suggests that Smith's unexplained delay of nearly six months between his successive petitions would render any further petitions untimely, even had they not been abusive. Regardless, even without addressing whether or how much of the time between Smith's successive petitions in the superior court counted against the limitations period, his present petition was filed too late.

      Smith next filed a habeas petition in the California Court of Appeal, which he signed on March 11, 2010. (Lodgment 9.) The court denied that petition on April 27, 2010. (Lodgement 10.) Finally, Smith filed a habeas petition in the Supreme Court of California, signed on May 16, 2010. (Lodgment 11.) The court denied the petition on February 2, 2011, citing In re Robbins, 18 Cal. 4th 770, 780 (1998). (Lodgment 12.) Because the Supreme Court denied the petition as untimely, that petition was neither "properly filed" nor "pending" for the purposes of statutory tolling. Thorson v. Palmer, 479 F.3d 643,

645 (9th Cir. 2007) (concluding that the California Supreme Court's citation to Robbins in a summary order dismissing a habeas petition was a "clear ruling" that the petition was untimely). "When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214 (2002)). Therefore, even if it was not already running, the clock began to run on the limitations period on the day after the California Court of Appeal denied Smith's habeas petition. See Thorson, 479 F.3d at 646 (holding that limitations period runs from previous dismissal when state supreme court dismisses petition as untimely in summary order).

Accordingly, Smith is not entitled to tolling from April 27, 2010 when California Court of Appeal denied his petition through April 25, 2011, when he signed the present petition in this Court - a period of 363 days. Adding that sum to the 195 days that expired prior to Smith's first petition in state court and while his successive petition was pending, a total of 558 days passed before Smith filed his first petition in federal court. Accordingly, there is no question that Smith's present petition is untimely and this Court recommends that it be dismissed with prejudice.

**B.     Smith is Not Entitled to Later Commencement of the Limitations Period**

Section 2244(d)(1) provides that the limitations period commences on the day following the finality of a petitioner's conviction unless one of three exceptions applies. 28 U.S.C. 2244(d)(1)(B)-(D). For an exception to apply, (1) State action in violation of the Constitution or laws of the United States must have prevented the petitioner from filing a petition; (2) the petition must have asserted a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (3) the petitioner discovered a new factual predicate for his claims. 28 U.S.C. 2244(d)(1)(B)-(D).

In his Opposition to Respondent's Motion to Dismiss, Smith argues that a state-created impediment entitles him to tolling of the statute of limitations. (Doc. 21, at 4.) Specifically, Smith claims that the clerk of the Superior Court of California "refus[ed] to release pertinent court documents/records that were needed to present all relevant testimony/evidence on Habeas Corpus specifically for the petitioners claims for prosecutorial misconduct and perjurous testimony from numerous witnesses/peace officers . . . .[sic]" (Id.) Smith does not articulate exactly which documents he sought but claims that he filed various motions in state court and that his motions were denied because

the documents he sought had already been provided to his trial counsel[2]. (Doc. 21, at 4-5.) Smith did not make any mention of asking his trial counsel for copies of the documents but he did go on, noting that he proceeded with his state habeas petition in May of 2009 without the documents he sought, when he "eventually conceded defeat . . . after it was clear the court was not going to grant [him] those transcripts." (Id.)

The California Rules of Court, in pertinent part, provide "[b]efore passing on the [habeas] petition, the court may request an informal response from . . . [t]he custodian of any record pertaining to the petitioner's case, directing the custodian to produce the record or a certified copy to be filed with the clerk of the court." California Rules of Court 4.551(b)(1)(B). If the superior court desired additional information in order to rule on Smith's habeas petition, it could have obtained - and likely already possessed - any needed records and taken judicial notice of those records. Therefore, Smith's purported inability to obtain free copies of trial records did not constitute a state-created impediment to filing a habeas petition entitling him to a later start date for AEDPA's limitation period.

### B. Smith is Not Entitled to Equitable Tolling

In his Opposition, Smith also argues that he has alleged a basis for equitable tolling because the court's refusal to provide him with transcripts and other documents constitutes "extraordinary circumstances." (Id.) Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, 292 F.3d at 1066 (internal citations and quotations omitted). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA] . . . lest the exceptions swallow the rule." Id.

Smith has failed to meet this burden. As to the first element, the preceding discussion makes clear that he was not diligently pursuing his rights. As to the second, extraordinary circumstances sufficient

---

[2] Despite filing voluminous exhibits with his habeas petition, Smith did not provide copies of any of these motions along with his Opposition.

to warrant equitable tolling include the failure of prison officials to prepare a check for the filing fee; improper dismissal of a petition by a district court, which subsequently lost the body of the petition when the pro se prisoner sought to refile it; or when a district court permitted a petitioner to dismiss a petition without prejudice in order to exhaust certain claims in state court without advising the petitioner that because the limitations period had already expired, any later effort to refile would be untimely. Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003) (internal citations omitted).  Smith's purported inability to obtain records from the clerk of the state court were not a state-created impediment to filing and do not constitute extraordinary circumstances beyond his control, which made it "impossible" for him to file a petition on time.  On the contrary, he states in his Opposition that he ultimately filed the petition without the documents. (Doc. 21, at 5.)  Smith has demonstrated neither the requisite diligence nor the extraordinary circumstances required for equitable tolling.

## IV.    CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Janis L. Sammartino under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d)(4) of the United States District Court for the Southern District of California. For the reasons outlined above, IT IS HEREBY RECOMMENDED that the Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) **DENYING** Petition for Writ of Habeas Corpus.

IT IS ORDERED that no later than **February 20, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **March 12, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 30, 2012

Peter C. Lewis
U.S. Magistrate Judge
United States District Court