# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>              Plaintiff,<br><br>    vs.<br><br>M.D. BITER, Warden,<br><br>              Defendant. | CASE NO. 11CV1003 JLS (PCL)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 9, 22) |

Presently before the Court is Respondent Warden M.D. Biter's ("Respondent") motion to dismiss Petitioner Lawrence Christopher Smith's ("Petitioner") petition for writ of habeas corpus. (Mot. to Dismiss, ECF No. 9) Also before the Court are Magistrate Judge Peter C. Lewis's report and recommendation ("R&R") recommending the Court grant Respondent's motion, (R&R, ECF No. 22), and Petitioner's objections to the R&R, (Obj., ECF No. 23).[1] For the reasons stated below, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **GRANTS** Respondent's motion to dismiss.

//

---

[1] Magistrate Judge Lewis ordered the parties to file any objections to the R&R by February 20, 2012. (R&R 8, ECF No. 22) Although Petitioner's objections were not filed until February 27, 2012, Petitioner signed and dated the objections on February 19, 2012. (Obj. 1, 14, ECF No. 23) Under the prisoner mailbox rule, *see Miles v. Prunty*, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999), Petitioner's objections were therefore timely. Respondents did not file objections to the R&R.

# BACKGROUND

Magistrate Judge Lewis's R&R contains a thorough and accurate recitation of the facts and procedural history underlying Petitioner's habeas petition, and is incorporated by reference here. (R&R 1–2, ECF No. 22)  Below is a time line of the relevant dates to this petition:

- **September 10, 2008**: California Supreme Court denies Petitioner's petition for review of his state-court conviction. (Notice of Lodgment ("NOL") No. 6, ECF No. 10)

- **December 9, 2008**: Petitioner's conviction becomes final.[2]

- **May 7, 2009**: Petitioner files habeas petition in Superior Court of California. (NOL No. 7)

- **July 8, 2009**: Superior Court of California denies Petitioner's habeas petition. (NOL No. 8)

- **December 23, 2009**: Petitioner files second habeas petition in Superior Court of California.  (R&R 4, ECF No. 22)

- **February 9, 2010**: Superior Court of California denies Petitioner's second habeas petition. (NOL No. 8)

- **March 11, 2010**: Petitioner files habeas petition in California Court of Appeals. (NOL No. 9)

- **April 27, 2010**: California Court of Appeals denies Petitioner's habeas petition. (NOL No. 10)

- **May, 16, 2010**: Petitioner files habeas petition in California Supreme Court. (NOL  No. 11)

- **February 2, 2011**: California Supreme Court denies Petitioner's habeas petition. (NOL No. 12)

- **April 25, 2011**: Petitioner files habeas petition in U.S. District Court for the Southern District of California (instant petition). (Pet., ECF No. 1)

# LEGAL STANDARD

## 1. Review of the Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R.  The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[2] *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

[magistrate judge]." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

**1. Summary of the R&R's Conclusions**

Magistrate Judge Lewis found dismissal appropriate because Petitioner's habeas petition was untimely, concluding that Petitioner was not entitled to statutory or equitable tolling, and should not be given a later start date. Noting that Petitioner's conviction became final on December 9, 2008, the R&R found that December 10, 2009,[3] was "the last day Smith could have filed a petition in federal court unless he is entitled to sufficient tolling of the statute or to a later start date for the limitations period." (R&R 2, ECF No. 22) And yet, Petitioner's habeas petition was not filed until April 25, 2011.

With regard to statutory tolling, the R&R first noted that "148 days of the limitations period elapsed between the date [Petitioner's] conviction became final . . . and the date he signed his first petition." (R&R 4, ECF No. 22) The R&R then concluded that Petitioner was not entitled to tolling under 28 U.S.C. § 2244(d)(2) for the time period between December 23, 2009, and February 9, 2010—at which time his second habeas petition was pending before the Superior Court of California—because that petition was not "properly filed." (*Id.* at 4–5 (citing *In re Clark*, 855 P.2d 726, 741 (Cal. 1993) (stating that successive petitions are not pending for statutory tolling purposes))) Instead, those 47 days counted against the limitations period, for a grand total of 195 days. (*Id.* at 5)

---

[3] It is well settled that the time limits under the Antiterrorism and Effective Death Penalty Act ("AEDPA") are calculated pursuant to the provisions of Federal Rule of Civil Procedure 6(a). *Patterson*, 251 F.3d at 1245–46. The R&R concluded and this Court agrees that Petitioner's conviction became final on December 9, 2008, ninety days after the Supreme Court of California denied Petitioner's petition for review on September 10, 2008. (R&R 2, ECF No. 22) Thus, the AEDPA limitations period began to run on December 10, 2008, and would have expired one year later, making December 9, 2009, the last day Petitioner could have filed a petition absent tolling or a later start date. This one-day difference in the Court's calculation of when the limitations period expired has no bearing on the outcome of the instant petition, however.

1    Moreover, Magistrate Judge Lewis declined to toll the limitations period from July 8, 2009,
2 to December 23, 2009, "the period between his successive petitions," reasoning that this nearly
3 six-month delay was "unreasonable" and therefore rendered the petition untimely. (*Id.* (citing
4 *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (indicating that only timely appeals toll AEDPA's one-
5 year limitations period and that in California "unreasonable" delays are not timely))) Even tolling
6 this period, however, because the California Supreme Court dismissed Petitioner's habeas petition
7 as untimely, the R&R found that the limitations period ran from April 28, 2010, "the day after the
8 California Court of Appeal denied Smith's habeas petition." (R&R 6, ECF No. 22 (citing *Thorson*
9 *v. Palmer*, 479 F.3d 643, 645–46 (9th Cir. 2007)) Adding this period to the 195 days calculated
10 above, the R&R determined that "a total of 558 days passed before Smith filed his first petition in
11 federal court. Accordingly, there is no question that Smith's present petition is untimely." (*Id.*)
12   With regard to a later start date, the R&R disagreed with Petitioner's contention that a
13 state-created impediment entitled him to a later start date under 28 U.S.C. § 2244(d)(1)(B).
14 Specifically, Magistrate Judge Lewis concluded that "Smith's purported inability to obtain free
15 copies of trial records did not constitute a state-created impediment to filing a habeas petition
16 entitling him to a later start date for AEDPA's limitation period." (*Id.* at 7)
17   Finally, regarding equitable tolling, the R&R found that Petitioner had not carried his
18 burden to establish that he had been pursuing his rights diligently or that extraordinary
19 circumstances stood in his way. (*Id.* at 7–8) Pointing again to the state court's refusal to furnish
20 free copies of trial records, Magistrate Judge Lewis determined that this was "not a state-created
21 impediment to filing and [did] not constitute extraordinary circumstances beyond [Petitioner's]
22 control, which made it 'impossible' for him to file a petition on time." (*Id.* at 8)
23 **2. Objections to the R&R's Conclusions**
24   Petitioner argues that he was impeded from timely proceeding with his habeas petition due
25 to the California Superior Court's "refusal to release pertinent documents by more than 148 days
26 after the conviction became final . . . even though the petitioner was diligent in his request for
27 documents," entitling him to a later start date. (Obj. 7, ECF No. 23) Petitioner also asserts for the
28 first time in his objections that he was denied access to the prison's law library for several months

following a June 21, 2009, prison riot.  (*Id.* at 7–8)  Moreover, Petitioner argues that the R&R should have tolled the period while his second petition was pending because it included a new ground for relief, contrary to the California Superior Court's indication that it was identical to his prior petition.  (*Id.* at 8)

Under the heading "statutory tolling," Petitioner argues that this state-created filing impediment and lack of access to the prison's law library, as well as the fact that he discovered an undisclosed new factual predicate for his claim, entitled him to a tolling of the limitations period.  (*Id.* at 9–11)  Finally, under the heading "equitable tolling," petitioner contends that he acted diligently to pursue his rights despite the state court's refusal to provide transcripts and other documents.  (*Id.* at 13–14)

**3. Analysis**

Under 28 U.S.C. § 2244(d)(1), a state court prisoner has one year to seek federal habeas corpus relief from a state court judgment.  In most cases, this time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, Petitioner's conviction became final on December 9, 2008.  Thus, absent a basis for statutory or equitable tolling, or for a later start date, Petitioner's federal habeas petition must have been filed by December 9, 2009.

*A. Statutory Tolling*

AEDPA allows that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  A petition is "pending" until a final decision has been reached in the state court system.  *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

Where there is no "undue delay," a petitioner in California is usually entitled to a "full round" of collateral review in state court without federal interference, meaning that the statute of limitations remains tolled.  *Id.* at 220–21.  However, to preserve this tolling, a petitioner must file collateral challenges to state dismissals of habeas petitions within a reasonable time unless an explanation or justification is otherwise provided.  *Id.* at 217–21; *see also Evans*, 546 U.S. at

1  197–202; *Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1140–41 (C.D. Cal. 2006) (finding delays
2  of seventy-one and ninety-seven days between petitions unreasonable and refusing to allow
3  statutory tolling).

4  Here, Petitioner is not entitled to statutory tolling for the time period between December 9,
5  2008, when his conviction became final, and May 7, 2009, when he filed his first habeas petition
6  in the Superior Court of California. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). A total
7  of 149 days elapsed during this time. Petitioner is entitled to statutory tolling for the sixty-two
8  days between May 7, 2009, and July 8, 2009, when the Superior Court denied the petition,
9  however. *Saffold*, 536 U.S. at 220. This additional time therefore did not count against the
10 limitations period.

11 As for the time between July 8, 2009, and December 23, 2009, when Petitioner filed his
12 second habeas petition—a lapse of 168 days—Petitioner is not entitled to tolling unless he has an
13 explanation or justification for this lengthy delay. *See id.* at 217–21. In his objections, Petitioner
14 contends that on June 21, 2009, there was a prison riot, resulting in a restriction on inmate
15 movement for several months. (Obj. 10, ECF No. 23) As a result, Petitioner was apparently
16 denied access to the prison library and to the materials needed to research his claim. (*Id.*)
17 According to Petitioner, this impediment lasted "for an [sic] minimum of 6+ months," (*id.*), or "for
18 months well into the year of 2010 and beyond," (*id.* at 8). For the purposes of this Order, the
19 Court assumes without deciding that Petitioner would be entitled to tolling for this time period.

20 Next, for the time Petitioner's second petition was pending between December 23, 2009,
21 and February 9, 2010, the Court finds that Petitioner is not entitled to statutory tolling for this
22 forty-eight-day period because this second, successive petition was not "properly filed" and was
23 therefore not "pending" for purposes of § 2244(d)(2) tolling. The Superior Court of California
24 denied Petitioner's second petition, noting that it "appear[ed] upon close review to be almost a
25 word-for-word repeat of [his prior] Petition." (NOL No. 8) Petitioner now contends that the
26 Superior Court was mistaken in deeming his second petition duplicative of the first:

27  This [second] petition was dismissed out of hand by the Superior Court of San
    Diego without even being fully read because if said court would have read the
28  petition fully one would have realized that besides writing the petition over in an
    [sic] more legible handstyle for the courts [sic] pleasure as complained of

> previously the petitioner had additionally added an [sic] ground (ground 7) that originally was not even on the 1st petition the petitioner only added it with other 6 issues previously litigated out of error believing that omitting said issues would have been providing piecemeal information to the court.

(Obj. 8, ECF No. 23) Even if the Superior Court erred in failing to notice this additional ground for relief, however, "[a] successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is . . . a delayed petition." *In re Clark*, 855 P.2d at 742. Petitioner has provided no indication that his seventh ground could not have been presented earlier. As such, his second petition was an abuse of the writ and the limitations period will not be tolled during its pendency. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition."). Adding this forty-eight day period to the 149 days from above, a total of 197 days had counted against the limitations period up to this point.

 Following the Superior Court's second denial on February 9, 2010, Petitioner filed his petition in the California Court of appeals on March 11, 2010. (NOL No. 9) That petition was denied on April 27, 2010, (NOL No. 10), and Petitioner filed in the Supreme Court of California on May 16, 2010, (NOL. No. 11). Once again, however, Petitioner is not entitled to tolling for the entirety of this time period. In its decision denying the petition, the California Supreme Court ruled it untimely. (*Id.* (citing *In re Robbins*, 959 P.2d 311, 317 (Cal. 1998))) As such, it was neither "properly filed" nor "pending" pursuant to § 2244(d)(2), *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007), and "none of the time before or during the court's consideration of that petition is statutorily tolled," *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Accordingly, the limitations period was not tolled from April 27, 2010, on; thus, the additional 363 days between April 27, 2010, and April 25, 2011—when Petitioner first filed his federal habeas petition—is added to the 197-day total from above, for a grand total of 560 days. This is well beyond the one-year limitations period, making Petitioner's federal habeas petition untimely.

//
//
//
//

### B. *Equitable Tolling*

The Ninth Circuit holds that AEDPA's one-year limitations period is subject to equitable tolling. *See Miranda*, 292 F.3d at 1065. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), because a habeas petitioner is required to meet a high threshold to warrant equitable tolling, *see Miranda*, 292 F.3d at 1066.

Here, Petitioner believes he is entitled to equitable tolling because he diligently pursued his rights: "[A]t every step of his Habeas proceedings [Petitioner] . . . fought tooth and nail to secure his rights and when met with adversity was sure to document thoroughly all problems and attempt to solve them in an [sic] timely manner . . . ." (Obj. 13, ECF No. 23)  Nevertheless, he contends that he encountered extraordinary circumstances due to the state court's withholding of "pertinent documents" and because of his limited access to the prison library. (*Id.* at 7–8)

Indeed, Petitioner explains that in October 2008, he sent his appellate counsel a letter seeking to retrieve "vital documentation missing from the record" provided to him. (*Id.* at 6)  The attorney informed Petitioner that he no longer had any transcripts from the case. (*Id.*)  Two months went by while Petitioner scoured the lengthy record to "ascertain[] exactly what all was missing," and on December 15, 2008, he filed a motion to retrieve those documents from the Superior Court, as well as a follow-up letter on February 17, 2009. (*Id.*)  After receiving a negative response, on March 3, 2009, Petitioner again moved for the court to provide the documents. And again he was denied. (*Id.*)  Having been twice denied, Petitioner eventually filed his first petition forty-four days later.

The Court finds equitable tolling is not warranted here. First, as Magistrate Judge Lewis remarked, Petitioner has not indicated which documents were missing, or why they were vital to his preparation. Second, Petitioner has not demonstrated that the state court's refusals prevented or made it "impossible" for him to file an on-time petition. *Stillman v. Lamarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (quoting *Miles*, 187 F.3d at 1107). Indeed, by using the voluminous records

he already possessed, Petitioner eventually filed his petition even without access to these "vital" documents. (Obj. 6–7, ECF No. 23) As a result, this Court must find that Petitioner has not carried his burden to establish any extraordinary circumstance that prevented him from timely filing.[4]

*C. Later Start Date*

Although the AEDPA limitations period typically begins on the date the state-court judgment becomes final, a Petitioner may be entitled to a later start date in certain circumstances, including:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner contends he is entitled to a later start date under either subsection (B) or (D).

A petitioner is entitled to a later start date under § 2244(d)(1)(B) only if the state-created impediment "altogether prevented him from presenting his claims in *any* form, to any court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009). That is clearly not the case here. Not only did Petitioner eventually file his petition notwithstanding the state court's refusal to provide the requested documents, but Petitioner plainly had access to the courts such that he could have presented his claims in some form much sooner. *See Corral v. Yates*, No. 10cv1341, 2011 U.S. Dist. LEXIS 100549, at *19 (E.D. Cal. Sept. 7, 2011) ("The filing of multiple petitions [during the

---

[4] In addition, even tolling the period that Petitioner claims he lacked access to the prison library, Petitioner's filing was untimely. Petitioner asserts that a prison riot on June 21, 2009, resulted in an approximately six-month restriction on his library access. (Obj. 7–8, ECF No. 23) The first seventeen days of this time period were already statutorily tolled while Petitioner's first petition was pending. And Petitioner was able to file a second petition on December 23, 2009, which the Court will generously construe as the end of Petitioner's inability to access the prison library. Thus, even tolling the 168 days between July 8, 2009, and December 23, 2009, a total of 392 days of the limitations period elapsed between the date Petitioner's conviction became final and when he filed the instant petition, exceeding the one-year limitations period by twenty-seven days.

pertinent time] demonstrates that Petitioner did not suffer a deprivation of his constitutional right to meaningful access to the courts and thus was not prevented from filing a federal habeas petition."). Indeed, Petitioner filed at least two motions with the Superior Court during the 148-day period between the date his conviction became final and the date he filed his first petition. (Obj. 6, ECF No. 23)

Finally, the Court finds that Petitioner has not set forth any basis for why he is entitled to a later start date under § 2244(d)(1)(D). In his objections, Petitioner conclusively states that he "uncovered an additional ground for litigation," (Obj. 10, ECF No. 23), but provides no information as to what that ground might be, nor whether he acted with due diligence to discover this newly discovered factual predicate. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001).

**4. Certificate of Appealability**

The Court is obliged to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing that "reasonable jurist" would debate the Court's assessment of the constitutional claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue when the petitioner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, no reasonable jurist would disagree with the Court's resolution of Petitioner's constitutional claims and denial of the writ. The record provides adequate basis for finding that Petitioner's habeas petition is time barred. Accordingly, the Court **DENIES** a certificate of appealability.

//
//
//

**CONCLUSION**

For the reasons stated above, the Court **ADOPTS** the R&R and **GRANTS** Respondent's motion to dismiss. Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as untimely. A certificate of appealability is **DENIED**. This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED: March 12, 2012

Honorable Janis L. Sammartino
United States District Judge